# EXHIBIT A

IN THE COUNTY COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA
SMALL CLAIMS DIVISION

**GERALD MAUGER,**

      **Plaintiff,**

v.                                        **CASE NO:** 25000407SP

**EQUIFAX INFORMATION SERVICES, LLC,**

      **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, **Gerald Mauger** ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, **Equifax Information Services, LLC** ("**Equifax**"), and states the following:

## PRELIMINARY STATEMENT

1.      This is an action for damages not to exceed $8,000, exclusive of attorney's fees and cost, brought by Plaintiff against Defendant Equifax for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2.      Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and Fla. Stat. § 34.01.

3.      Equifax is subject to the provisions of the FCRA and is subject to the jurisdiction of this Court pursuant to Fla. Stat. § 48.193.

4.      Venue is proper in Charlotte County, Florida, pursuant to Fla. Stat. § 47.051, because the acts complained of were committed and/or caused by the Defendants therein.

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in

Charlotte County, Florida.

6.    Plaintiff is a Consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

7.    Defendant Equifax is a Georgia Limited Liability Company, with a principal business address of 1550 Peachtree St NW, Atlanta, GA 30309.

8.    Equifax is registered to conduct business in the State of Florida, where its Registered Agent is Corporation Service Company, 1201 Hays Street, Tallahassee, FL 32301.

9.    Equifax is a nationwide *Consumer Reporting Agency* ("**CRA**") within the meaning of 15 U.S.C. § 1681a(f), in that, for monetary fees, dues, and/or on a cooperative nonprofit basis, it regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically the mail and internet. As a CRA, Equifax is aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### Plaintiff's January 2025 Consumer Disclosure

10.    On or about January 13, 2025, Plaintiff requested a copy of his consumer credit disclosure from Equifax.

11.    Pursuant to 15 U.S.C. § 1681g(a), upon receipt of Plaintiff's request, Equifax was required to "clearly and accurately" disclose all information in Plaintiff's file at the time of his request, with the limited exception that his Social Security number could be truncated upon request.

12.    Equifax provided an electronic copy of Plaintiff's *Consumer Disclosure* ("**Equifax's Disclosure**") to him at his home address in Port Charlotte, Florida.

## Equifax's Disclosure Was Not Complete, Clear, or Accurate

### Missing Original Creditor

13.     Despite a requirement to disclose all information in his credit file at the time of his request, Equifax's Disclosure omitted significant amounts of information contained in his credit file.

14.     Equifax's Disclosure indicate that Plaintiff's credit file contained two (2) accounts classified as "Other." **SEE PLAINTIFF'S EXHIBIT A**.

15.     Equifax's Disclosure stated: "Other accounts are those that are not already identified as Revolving, Mortgage, or Installment Accounts such as child support obligations or rental agreements." *Id*.

16.     One of the accounts appearing in the "Other" section was reported by LVNV Funding LLC ("**LVNV**").

17.     LVNV is Debt Buyer- a company whose primary purposes are the purchase and collection of debts which were originally owed to third parties.

18.     LVNV does not lend to consumers, it is *never* an *Original Creditor*.

19.     Despite this, when disclosing the LVNV tradeline to Plaintiff, Equifax indicated that LVNV was the *Original Creditor* of the accounts, omitting any reference to the *Original Creditor*.

20.     Despite being required to provide a full and complete disclosure of the information contained within its records, per 15 U.S.C. § 1681g(a), under the "Account Details" section of the account, Equifax placed a notation, "Contact the creditor or lender if you have any questions about it." *Id.*

21.     Equifax thus shifted the burden of disclosure and inquiry away from itself, and

on to the Plaintiff.

## Missing Account Number

22.     Making matters even more confusing for Plaintiff, Equifax omitted the full account number relating to the LVNV tradeline.

23.     Upon information and belief, this data furnisher reported the full account numbers belonging to its respective account to Equifax, and this information was contained within Equifax's file regarding Plaintiff at the time of his request.

24.     When Equifax produces and sells reports regarding Plaintiff to third parties, the full account numbers and names of the original creditors are included in its reports.

25.     The accuracy of Equifax's reports to third parties demonstrates its ability to comply with 15 U.S.C. § 1681g(a) as well as the contents of its files.

26.     Having a duty to disclose *all of the information* regarding the accounts in Plaintiff's file, Equifax breached its duty by failing to provide the account number and original creditor's name, as such information is necessary for a consumer to be able to research and evaluate the information contained in his credit file.

27.     Absent such information, a consumer is reduced to, at best, playing detective and, at worst, guessing as to whether the information in their report is accurate.

28.     Equifax's disclosure contains a section entitled "Collections," stating: "Collections are accounts with outstanding debt that have been placed by a creditor with a collection agency. Collections stay on your credit report for up to 7 years from the date the account first became past due. They generally have a negative impact on your credit score."

29.     LVNV is registered with the Florida Office of Financial Regulation as a Consumer Collection Agency.

30.    Thus, Equifax should have placed this tradeline under the "Collections" header of Plaintiff's Disclosure rather than the "Other" header.

31.    In addition to missing the full account numbers from the "Other Accounts," Equifax disclosed a significant number of accounts reported by other data furnishers without full account numbers.

32.    Under the heading *Installment Accounts*, there are thirty (30) tradelines without full account numbers.

33.    Upon information and belief, all the aforementioned data furnishers reported full account numbers to Equifax, and this information was contained within Equifax's file on Plaintiff at the time of his request for his consumer disclosure.

34.    Due to widespread systemic problems, Equifax's automated systems omits all but the last two or four account numbers reported by data furnishers that have a reported current payment status of "charge off," in addition to many other types of accounts.

35.    Equifax knows of this error but, despite such knowledge, has yet to correct it.

36.    The failure to disclose full account numbers violates the FCRA's requirement that a CRA disclose all information contained in a consumer's credit file clearly and accurately. *See Washington v. Equifax*, Case No. 3:19-cv-00154 (M.D. Tenn. Jun. 12, 2019) ("The plain language of the FCRA requires that the consumer reporting agency shall clearly and accurately disclose to the consumer '[a]ll information in the consumer's file at the time of the request.' 15 U.S.C. § 1681g. In the absence of binding authority stating that a truncated account number is a clear and accurate disclosure, the Court finds that Plaintiff has stated a plausible claim for a violation of Section 609 of the FCRA.")

37.    The failure of an entity to provide accurate and truthful information as required

5

by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See*, *e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

38.     The lack of accurate, full account numbers caused Plaintiff great frustration and emotional distress when trying to understand his credit report and verify it against his own records.

39.     Further, pursuant to a 2000 FTC Opinion Letter (Advisory Opinion to Darcy, June 30, 2000), "it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide 'accurate' (and perhaps not 'clear') disclosure of 'all information' in the file." **SEE PLAINTIFF'S EXHIBIT B.**

40.     Equifax's omission of the original creditor and full account numbers greatly decreases a consumer's ability to understand his consumer credit disclosure, identify the accounts, and compare those accounts with his own records.

41.     The *Credit Reporting Resource Guide*, published by the Consumer Data Industry Association ("**CDIA**"), a trade association representing the CRAs, including Equifax, states that:

> "**The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent." (**Emphasis original**.)

**SEE PLAINTIFF'S EXHIBIT C.**

42.     The *Credit Reporting Resource Guide* instructs debt collectors to "(r)eport the name of the company/creditor that originally opened the account for the consumer." *Id.*

43.     On information and belief, LVNV complied with the *Credit Reporting Resource Guide* and reported the name of the true original creditor of its reported account.

### Prevalence of Equifax of Account Number Errors

44.     Upon information and belief, Equifax's Disclosure to Plaintiff was generated using a template that extracts database information from a consumer's file and populates it into various pre-programmed fields on a consumer disclosure form.

45.     Upon information and belief, this same template is used virtually *every time* a consumer requests their file from Equifax through www.annualcreditreport.com.

46.     Upon information and belief, www.annualcreditreport.com is the location where the majority of consumers obtain their Equifax credit disclosure.

47.     Consumer disclosures retrieved through annualcreditreport.com all exhibit the same missing account number and missing original creditor name errors.

48.     Thus, *every* consumer with accounts appearing in the "Other" section of their disclosure who requested their disclosure from Equifax through www.annualcreditreport.com since the template's use began, received a consumer disclosure with the same errors as Plaintiff's.

49.     Equifax's error has therefore likely affected thousands of consumers.

50.     Equifax has known of the flaws in its systems for years, but has done nothing to fix them, despite the large number of consumers affected. *See, e.g.*, *Justin Purdy vs. Equifax Information Services LLC,* case 8:19-cv-00217, M.D. FL, Jan. 28, 2019.

51.     Equifax's knowing and repeated conduct warrants an award of ***punitive damages.***

52.     Equifax's failure to disclose all of the information in the consumer's credit file

in free annual disclosures is an intentional violation of 15 U.S.C. § 1681g(a), motivated by the Defendant's desire to avoid costs and increase profits.

53.    Plaintiff has a right to a full and complete disclosure of the contents of his file upon demand, at least once a year and without charge, and that disclosure must be presented clearly and accurately. 15 U.S.C. § 1681j.

54.    Equifax's failure to accurately, fully, and clearly disclose the information within its files regarding Plaintiff deprived him of this right.

55.    Plaintiff has hired the undersigned counsel to represent him in this matter and has assigned to them his right to obtain reimbursement for his reasonable fees and costs.

## COUNT 1
## <u>EQUIFAX WILLFUL VIOLATIONS OF THE FCRA</u>

56.    Plaintiff adopts and incorporates paragraph 1 – 55 as if fully stated herein.

57.    Equifax violated **15 U.S.C. § 1681g(a)(1)** when responding to Plaintiff's request for his consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a *Consumer*, all of the information in his file at the time of the request. Specifically, Equifax disclosed an account reported by LVNV without disclosing the full account number or the name of the *Original Creditor* and thirty-one (31) accounts also without the full account numbers, even though full account numbers were reported by the data furnishers.

58.    Equifax knowingly provided inaccurate information in Plaintiff's disclosure, as it knew of these issues, which have been identified and disputed by other consumers for years.

59.    Equifax is therefore liable to Plaintiff, pursuant to 15 U.S.C. § 1681n, for the greater of his actual damages and statutory damages of up to $1,000 per violation, plus attorney's fees and costs.

60.    **WHEREFORE**, Plaintiff, respectfully requests this Court to enter judgment

against Defendant Equifax, awarding Plaintiff the following relief:

a.   The greater of Plaintiff's actual damages and statutory damages of $1,000 per
     incident, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.   Punitive damages pursuant 15 U.S.C. § 1681n(a)(2);

c.   Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n(a)(3); and

d.   Such other relief that this Court deems just and proper.

**COUNT 2**
**EQUIFAX NEGLIGENT VIOLATIONS OF THE FCRA**

61.   Plaintiff adopts and incorporates paragraph 1 – 55 as if fully stated herein.

62.   Equifax violated **15 U.S.C. § 1681g(a)(1)** when responding to Plaintiff's request
for his consumer disclosure by failing to clearly and accurately disclose to Plaintiff, a *Consumer*,
all of the information in his file at the time of the request. Specifically, Equifax disclosed an
account reported by LVNV without disclosing the full account number or the name of the
*Original Creditor* and thirty-one (31) accounts also without the full account numbers, even
though full account numbers were reported by the data furnishers.

63.   Equifax has a legal duty to provide consumer with a clear and accurate disclosure
of all information within its file at the time of the consumer's request.

64.   Equifax breached this duty when Equifax disclosed the account reported by
LVNV without disclosing the full account number or name of the *Original Creditors*, as well as
thirty-one (31) additional accounts without the full account numbers, even though the full
account numbers were reported by the date furnishers.

65.   **WHEREFORE**, Plaintiff, respectfully requests this Court to enter judgment
against Defendant Equifax, awarding Plaintiff the following relief:

a.  Plaintiff's actual damages, pursuant to 15 U.S.C. § 1681o(a)(1);

b.  Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c.  Such other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

66.  Plaintiff hereby demands a trial by jury on all issues so triable.

Dated: February 21, 2025

Respectfully Submitted,

 /s/ Ethan B. Babb
**ETHAN B. BABB, ESQ**
Florida Bar No. 127488
Email: ebabb@llr.law
Secondary: kschofield@llr.law
LACEY | LYONS | REZANKA
6013 Farcenda Pl., Suite 101
Melbourne, FL 32940
Phone: (321) 608-0890
Fax: (321) 608-0891
*Attorney for Plaintiff*

### ATTACHED EXHIBIT LIST

A.  Plaintiff's Equifax Consumer Disclosure, January 13, 2025, Other Accounts.
B.  FTC Opinion Letter
C.  Credit Reporting Resource Guide, Original Name Excerpt.

EXHIBIT "A"

# 5. Other Accounts

Other accounts are those that are not already identified as Revolving, Mortgage or Installment Accounts such as child support obligations or rental agreements.

### 5.1 LVNV FUNDING LLC (CLOSED)

## Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| Account Number | xxxxxxxxxxxx 8936 | Reported Balance | $485 |
|---|---|---|---|
| Account Status | COLLECTION | Available Credit | |

## Account History

The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax.

### Balance

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 |
| 2024 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 |
| 2025 | | | | | | | | | | | | |

### Scheduled Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

### Actual Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

### Credit Limit

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2023 |     |     |     |     |     |     |     |     |     |     |     |     |
| 2024 |     |     |     |     |     |     |     |     |     |     |     |     |
| 2025 |     |     |     |     |     |     |     |     |     |     |     |     |

### Amount Past Due

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2023 |      | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 |
| 2024 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 | $485 |
| 2025 |      |      |      |      |      |      |      |      |      |      |      |      |

## Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2024 | C | C | C | C | C | ▨ | C | C | C | C | C | ▨ |
| 2023 | ▨ | ▨ | ▨ | C | C | C | C | C | C | C | C | C |
| 2022 | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ |
| 2021 | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ |
| 2020 | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ |
| 2019 | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ |
| 2018 | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ |

| | | | | |
|---|---|---|---|---|
| ✔ Paid on Time | **30** 30 Days Past Due | **60** 60 Days Past Due | **90** 90 Days Past Due | **120** 120 Days Past Due |
| **150** 150 Days Past Due | **180** 180 Days Past Due | **V** Voluntary Surrender | **F** Foreclosure | **C** Collection Account |
| **CO** Charge-Off | **B** Included in Bankruptcy | **R** Repossession | **TN** Too New to Rate | ▨ No Data Available |

## Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | | | |
|---|---|---|---|
| High Credit | $485 | Payment Responsibility | INDIVIDUAL |
| Credit Limit | | Account Type | OTHER |
| Terms Frequency | UNKNOWN | Term Duration | |

| | | | |
|---|---|---|---|
| Balance | $485 | Date Opened | Nov 26, 2018 |
| Amount Past Due | $485 | Date Reported | Dec 03, 2024 |
| Actual Payment Amount | | Date of Last Payment | |
| Date of Last Activity | | Scheduled Payment Amount | |
| Months Reviewed | 68 | Delinquency First Reported | Apr 2019 |
| Activity Designator | | Creditor Classification | RETAIL |
| Deferred Payment Start Date | | Charge Off Amount | |
| Balloon Payment Date | | Balloon Payment Amount | |
| Loan Type | Debt Buyer Account | Date Closed | |
| Date of First Delinquency | Apr 12, 2018 | | |

## Comments

Consumer disputes this account information

Collection account

## Contact

LVNV FUNDING LLC
CARE OF RESURGENT CAPITAL SERVICES L.P
PO BOX 1269
Greenville, SC  29602
(866) 464-1183

## 5.2 ESUSU/PROGRESS RESIDENTIAL LLC (CLOSED)

### Summary

Your debt-to-credit ratio represents the amount of credit you're using and generally makes up a percentage of your credit score. It's calculated by dividing an account's reported balance by its credit limit.

| Account Number | xxxxxx 62 | Reported Balance | $0 |
|---|---|---|---|
| Account Status | PAYS_AS_AGREED | Available Credit | |

### Account History

The tables below show up to 24 months historical data. If a table is blank, this data was not provided to Equifax.

#### Balance

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | $0 | $0 | $0 | $0 | $0 | $0 | $0 |
| 2024 | $0 | $0 | $0 | $0 | $0 | $0 | $0 | | | | | |
| 2025 | | | | | | | | | | | | |

#### Scheduled Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | $1,950 | $2,145 | $2,145 | $2,145 | $2,145 | $2,145 | $2,145 |
| 2024 | $2,145 | $2,145 | $2,145 | $2,145 | $2,145 | | | | | | | |
| 2025 | | | | | | | | | | | | |

#### Actual Payment

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | $1,950 | $1,984 | $2,145 | $2,145 | $2,145 | $2,145 | $2,145 |
| 2024 | | $2,145 | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

#### Credit Limit

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |

2025

## Amount Past Due

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2023 | | | | | | | | | | | | |
| 2024 | | | | | | | | | | | | |
| 2025 | | | | | | | | | | | | |

## Payment History

View up to 7 years of monthly payment history on this account. The numbers indicated in each month represent the number of days a payment was past due; the letters indicate other account events, such as bankruptcy or collections.

| Year | Jan | Feb | Mar | Apr | May | Jun | Jul | Aug | Sep | Oct | Nov | Dec |
|------|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|-----|
| 2024 | ✔ | ✔ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ | ▨ |
| 2023 | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |
| 2022 | ▨ | ▨ | ▨ | ✔ | ▨ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ | ✔ |

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| ✔ Paid on Time | | **30** 30 Days Past Due | | **60** 60 Days Past Due | | **90** 90 Days Past Due | | **120** 120 Days Past Due | |
| **150** 150 Days Past Due | | **180** 180 Days Past Due | | **V** Voluntary Surrender | | **F** Foreclosure | | **C** Collection Account | |
| **CO** Charge-Off | | **B** Included in Bankruptcy | | **R** Repossession | | **TN** Too New to Rate | | ▨ No Data Available | |

## Account Details

View detailed information about this account. Contact the creditor or lender if you have any questions about it.

| | | | |
|---|---|---|---|
| High Credit | $2,145 | Payment Responsibility | JOINT_CONTRACTUAL_LIABILITY |
| Credit Limit | | Account Type | OTHER |
| Terms Frequency | MONTHLY | Term Duration | |
| Balance | $0 | Date Opened | Feb 24, 2022 |
| Amount Past Due | | Date Reported | Aug 30, 2024 |
| Actual Payment Amount | | Date of Last Payment | Jan 2024 |
| Date of Last Activity | Jan 2024 | Scheduled Payment Amount | |
| Months Reviewed | 28 | Delinquency First Reported | |
| Activity Designator | PAID_AND_CLOSED | Creditor Classification | UNKNOWN |
| Deferred Payment Start Date | | Charge Off Amount | |

**Equifax**

GERALD MAUGER | Jan 13, 2025                                    Page 181 of 197

Summary ⟩ Revolving ⟩ Mortgage ⟩ Installment ⟩ **Other** ⟩ Statements ⟩ Personal Info ⟩ Inquiries ⟩ Public Records ⟩ Collections

| Balloon Payment Date | | Balloon Payment Amount | |
|---|---|---|---|
| Loan Type | Rental Agreement | Date Closed | Jun 2024 |
| Date of First Delinquency | | | |

## Comments

Closed or paid account/zero balance

## Contact

ESUSU/PROGRESS RESIDENTIAL LLC
215 W 125TH ST STE 410
NEW YORK, NY  10027-4426
(646) 664-8947

EXHIBIT "B"



**FEDERAL TRADE COMMISSION**
PROTECTING AMERICA'S CONSUMERS

# Advisory Opinion to Darcy (06-30-00)

June 30, 2000

Denise A. Darcy, Esq.

Asst. General Counsel

TRANS UNION

555 West Adams Street

Chicago, Illinois 60661

Dear Ms. Darcy:

This responds to your letter dated concerning whether the Fair Credit Reporting Act ("FCRA") allows Trans Union or another consumer reporting agency ("CRA"), for security purposes, to "truncate, scramble or mask the account number and social security number" when making file disclosures to consumers. You report that such a procedure has been recommended to you by a consumer who was recently the victim of account takeover fraud by a perpetrator who fraudulently procured the individual's Trans Union file by impersonating the consumer. You state: "While some creditors truncate or scramble the data before they supply it to us, not all do; therefore, many of the account numbers on our file are complete and accurate, and that is what we disclose to the consumer."

Section 609(a)(1) of the FCRA states that CRAs, including major credit bureaus such as Trans Union, "shall, upon request (by a consumer), clearly and accurately disclose to the consumer . *All information* in the consumer's file at the time of the request" (emphasis added). If the "information in the consumer's file at the time of the request" includes account and social security numbers, the provision thus normally requires that the CRA "clearly and accurately" include such items in its disclosure to consumers. However, because the trigger for a file disclosure is a "request" by a consumer, a CRA may allow consumers (such as the individual in your letter) to choose truncation or other security measures in their own file disclosure. In other words, although Section 609 provides consumers with a right to *all information* in the file, a CRA may provide a method for the consumer to ask for less than all information and then comply with that "request" when it makes the disclosure.

In sum, it is our view that a CRA that always scrambles or truncates account (or social security) numbers does not technically comply with Section 609 because it does not provide "accurate" (and perhaps not "clear") disclosure of "all information" in the file. However, if a consumer's "request" for a file disclosure is framed so as to allow some items in the file to be abbreviated or revised in that fashion, a CRA making such a disclosure would comply with Section 609.

The opinions set forth in this informal staff letter are not binding on the Commission.

Sincerely yours,

Clarke W. Brinckerhoff

EXHIBIT "C"

# Field Definitions

## K1 Segment
## Original Creditor Name

The K1 Segment must be present each time the account is reported. The segment is required for collection agencies, debt buyers and check guarantee companies. This segment may also be reported by student loan guaranty agencies, the U.S. Department of Education, and the U.S. Treasury.

**The purpose of reporting the original creditor name is to help consumers identify the source of accounts when they appear on credit reports.** Without the original creditor names, consumers may not know what the accounts represent.

Some state laws and CDIA policy stipulate that the original client/creditor must be identified. Federal law stipulates that the name of the payee must be identified when reporting returned checks.

Only one occurrence of the K1 Segment can be appended to the Base Segment. If not applicable, do not report the K1 Segment.

| FIELD | FIELD NAME & DESCRIPTION | 426 and 366 FORMATS | | |
|-------|--------------------------|--------|----------|---------------------|
| | | Length | Position | Recording Technique |
| 1 | **Segment Identifier**<br>Contains a constant of **K1**. | 2 | 1-2 | AN |

(continued)

# Field Definitions

## K1 Segment
## Original Creditor Name

| FIELD | FIELD NAME & DESCRIPTION | 426 and 366 FORMATS | | |
|---|---|---|---|---|
| | | Length | Position | Recording Technique |
| 2 | **Original Creditor Name** | 30 | 3-32 | AN |

(Field 2 description:)

This field is required and the content is dependent on the type of reporter.

Collection Agencies: Report the name of the company/creditor, including any partnering affinity name[1], that originally opened the account for the consumer, even if the account had been turned over to multiple collection agencies.

Debt Buyers: Report the name of the company/creditor, including any partnering affinity name[1], that originally opened the account for the consumer, even if the account had been sold multiple times to different debt buyers. Refer to the K2 Segment for "purchased from" information.

Companies Reporting Returned Checks: Report the name of the payee; i.e., name of company to which the check was written. Refer to Frequently Asked Question 15 for additional guidelines on reporting returned checks.

Student Loan Guarantors/U.S. Department of Education: Report the name of the original student loan lender.

U.S. Treasury: Report the name of the government agency that is the original creditor.

One of the following three options should be used when reporting a creditor's name that would reveal sensitive information about the consumer.

1.  Report the name of the institution, but do not include reference to the type of service. For example, use the hospital name without identifying that it was the psychiatric unit that provided care. If a hospital's name reveals sensitive information, abbreviate the name.

2.  Use the corporate name if it is different from the commercial name of a mental institution or drug rehabilitation center.

3.  Do not report the account if either of the above two options would not sufficiently protect the consumer's privacy.

**Note: Encoded information is not acceptable in this field.**

(continued)

---

[1] The Affinity Name further identifies or provides linkage detail for the relationship of the original creditor to any connecting or supporting entities (e.g., ABC BANK THE HOME STORE).

CREDIT REPORTING RESOURCE GUIDE®
*Copyright 2020 © Consumer Data Industry Association*

# Field Definitions

## K1 Segment
## Original Creditor Name

| FIELD | FIELD NAME & DESCRIPTION | 426 and 366 FORMATS | | |
|---|---|---|---|---|
| | | Length | Position | Recording Technique |
| 3 | **Creditor Classification**<br>Contains a code which must be reported to indicate the general type of business for the Original Creditor Name.<br><br>Values available:<br><br>01 = Retail<br>02 = Medical/Health Care<br>*Required when reporting medical debts and returned checks from providers of medical services, products or devices*<br>03 = Oil Company<br>04 = Government<br>05 = Personal Services<br>06 = Insurance<br>07 = Educational<br>08 = Banking<br>09 = Rental/Leasing<br>10 = Utilities<br>11 = Cable/Cellular<br>12 = Financial<br>(other non-banking financial institutions)<br>13 = Credit Union<br>14 = Automotive<br>15 = Check Guarantee | 2 | 33-34 | N |

**Note:  To assist with compliance of the Fair Credit Reporting Act, companies who report medical debts or returned checks for medical purposes must report Creditor Classification '02' to indicate 'Medical/Health Care'.  The actual name of the original creditor should continue to be reported in the Original Creditor Name (Field 2).**